**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **NAJAH CHAVIS,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **A-23-CV-1513-DII-SH** |
| | § | |
| **T-MOBILE US, INC.,** | § | |
| *Defendant* | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE UNITED STATES DISTRICT COURT**

Before the Court are Plaintiff Najah Chavis's Complaint (Dkt. 1) and Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2), both filed December 13, 2023. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e) pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

## I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that she is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

1

As stated below, the Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendant should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendant at that time.

## II.    Section 1915(e)(2) Frivolousness Review

### A.  Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). "Some claims are so insubstantial, implausible, or otherwise completely devoid of merit as not to involve a federal controversy. Federal courts lack power to entertain these wholly insubstantial and frivolous claims." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (cleaned up).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, a plaintiff must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice to state a claim on which relief may be granted. *Id.*

While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the plaintiff's *pro se* status offers "no impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)

Plaintiff alleges that on September 4, 2021, she entered into a contract with Defendant T-Mobile US, Inc. in which she agreed "to provide payment for services rendered by T-Mobile." Dkt. 1 ¶ 6. Plaintiff alleges that Defendant "sent plaintiff monthly bill coupons, which was believed to be payments plaintiff owed to them. Unbeknownst to plaintiff, these bill coupons were dividend payments from the revenue generated from plaintiff's securities." *Id.* ¶ 7. Plaintiff alleges that she subsequently "became aware of the proper way to tender payments with a bill of exchange, at which point plaintiff attempted to tender payments in this manner pursuant to The Bill of Exchange Act." *Id.* ¶ 8. Plaintiff contends that Defendant refused to accept the "bill of exchange" as payment and continues to withhold the equity and interest owed to Plaintiff in violation of their contract. Plaintiff alleges breach of contract and securities fraud in violation of "The Bill of Exchange Act."

The Court recommends that Plaintiff's lawsuit should be dismissed as frivolous under § 1915(e)(2) because the Court lacks subject matter jurisdiction over this case and Plaintiff fails to assert any nonfrivolous claims.

## 1. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a). These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.

Plaintiff invokes this Court's diversity jurisdiction under § 1332(a), alleging that "the parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold." Dkt. 1 ¶ 4. But Plaintiff's allegations do not allege damages in excess of $75,000; rather, Plaintiff alleges that Defendant owes her $11,093.52 in interest, far short of the jurisdictional minimum.[1] The Court therefore does not have subject matter jurisdiction over this lawsuit.

## 2. Frivolous Claims

Even if the Court did have subject matter jurisdiction, Plaintiff fails to allege any nonfrivolous claims. Her claims relate to the so-called "sovereign citizenship" theory, which courts have found to be legally frivolous. As one court explained:

---

[1] Plaintiff also asks the Court to impose a monetary penalty of $1 million against Defendant under Section 29 of the Federal Reserve Act. But that statute does not provide for a private right of action. *See Payne v. Spectrum,* No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) ("Neither Section 16 nor Section 29 [of Federal Reserve Act] provide Plaintiff with a private right of action and therefore cannot serve as a basis for federal question jurisdiction."). This amount cannot be used to calculate the amount in controversy.

> So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to "avoid paying taxes, extinguish debts, and derail criminal proceedings." However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.

*Westfall v. Davis*, No. 7:18-CV-00023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *R. & R. adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018) (internal citations omitted).

Relevant here, a belief of some "sovereign citizens" is that the United States government created individual treasury accounts for each United States citizen in the 1930s. *In re Dominick*, No. 20-MC-80001-DMR, 2020 WL 1173505, at *2 (N.D. Cal. Feb. 20, 2020), *R. & R. adopted*, 2020 WL 1171082 (N.D. Cal. Mar. 11, 2020). The purpose of the trust accounts is apparently to pledge United States citizens and their property as security for the national debt in exchange for the benefits of citizenship. *Id.* The theory holds that an individual may revoke the citizenship contract imposed on them at birth and thus regain the profits of their individual federal trust accounts. *Id.*

Plaintiff alleges that Defendant's refusal to recognize her endorsed "bills of exchange" as valid legal payments under the contract violates "The Bill of Exchange Act." Dkt. 1 ¶ 6. This claim fails because there is no federal statute entitled The Bill of Exchange Act. While there are foreign statutes entitled Bill of Exchange Acts, those laws do not apply to commercial transactions in the United States between United States citizens. *See Payne v. Spectrum*, No. SA-23-CV-01313-XR, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (dismissing as frivolous claim under "Bill of Exchange Act" because "[t]he Bill of Exchange Act of 1882 is a Canadian statute with no application here"); *United States Des Rochers v. Moynihan*, No. A-16-CV-560, 2016 WL

11584833, at * 2 (W.D. Tex. May 16, 2016) (dismissing as legally frivolous a complaint alleging claim under English Bill of Exchange Act of 1882).

Any potential securities fraud claim under the Securities Act of 1933, 15 U.S.C. § 77q, would also fail. To state a claim for securities fraud under § 77q, a plaintiff must allege: (1) a material misrepresentation or omission; (2) scienter—a "wrongful state of mind"; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) a causal connection between the material misrepresentation and the loss. *Oklahoma Firefighters Pension & Ret. Sys. v. Six Flags Ent. Corp.*, 58 F.4th 195, 206 (5th Cir. 2023). A complaint alleging a securities fraud also must meet the heightened pleading requirements for fraud claims under Federal Rule of Civil Procedure 9(b), which requires that the complaint "state all allegations of fraud with particularity." *Id.* Plaintiff does not allege that Defendant sold or attempted to sell her a security, and Plaintiff's allegations appear to concern a consumer agreement, not the sale or purchase of a security. In addition, Plaintiff fails to meet the heightened pleading requirements under Rule 9(b). Accordingly, she fails to allege a plausible fraud claim under the Securities Act.

Plaintiff also fails to allege a plausible breach of contract claim under Texas law. To prevail on a breach of contract claim under Texas law, a plaintiff must sufficiently allege that: (1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 502 n. 21 (Tex. 2018). Plaintiff fails to allege facts showing that Defendant breached the contract or that she satisfied her obligations under the contract.

Plaintiff alleges that she satisfied her payment obligations under the contract by sending Defendant a "bill of exchange" as payment. But courts have uniformly found that a "bill of exchange" created by a private citizen cannot be used as legal tender in the United States.[2]

## III.   ORDER AND RECOMMENDATION

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* and Financial Affidavit in Support (Dkt. 2).

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Najah Chavis's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** the Clerk to **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the United States District Court.

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo

---

[2] *See Bey v. Bray*, No. 4:22-CV-933-SDJ, 2023 WL 5987393, at *5 n.4 (E.D. Tex. Aug. 1, 2023) (holding that plaintiff did not satisfy his obligations under loan agreement by sending bank an "International Bill of Exchange" as payment), *R. & R. adopted*, 2023 WL 6162742 (E.D. Tex. Sept. 21, 2023); *Charles v. Castro*, No. 5:20-CV-00042-RWS, 2020 WL 5670110, at *2 (E.D. Tex. Sept. 24, 2020) ("Plaintiff's purported 'bill of exchange' is a document of his own creation and has no value, and thus cannot be used to satisfy the statutory filing fee obligation."); *Bryant v. Wash. Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) ("Plaintiff's claim that her Bill of Exchange is a legitimate negotiable instrument is clearly nonsense in almost every detail."), *aff'd*, 282 F. App'x 260 (4th Cir. 2008); *see also* 31 U.S.C. § 5103 ("United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts.").

review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE